HENLY *et al.* *v.* CLAIBORNE *et al.*

APPEAL BOND. *Pauper oath.* Where an appeal is granted upon the party giving bond as required by law, the clerk has no power to accept the pauper oath in place of the bond.

FROM MONROE.

Appeal from the Chancery Court at Madisonville. W. M. BRADFORD, Ch.

COOPER, J., delivered the opinion of the court.

On the 6th of June, 1877, a final decree was rendered in this cause upon an injunction bond, in favor of James and R. K. Claiborne against J. R. Henley and the administrator of G. W. Henley as principals, and Isham Airheart and J. H. Worthy as sureties, for $1,411.93. From this decree Airheart and Worthy prayed an appeal to this court, which was granted "upon their giving bond as required by law in such cases." The record shows no further action of the court on the subject, but it contains, immediately following the decree, a formal oath in writing, signed by Airheart and Worthy, such as is required by statute where the party is authorized to appeal without giving security. This oath purports to be subscribed and sworn to before the clerk and master on the same day on which the decree was rendered. The defendants in error have moved to dismiss the appeal for the want of an appeal bond as required by the court. And we are constrained to sustain the motion. The clerk of the Chancery Court had no power to take the pauper oath in lieu of a bond for the appeal without the authority of the court. The granting of an appeal is the act of the court, and the duty of the clerk is merely ministerial, to obey its order. *Morris* v. *Smith,* Thomp. Cas., 43; *McPhatridge* v. *Gregg,* 4 Col., 324.